UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

KAREEM ABDUL JOHNSON                    CIVIL ACTION NO. 22-5803-P

VERSUS                                  JUDGE HICKS

CHRISTOPHER VICTORY, ET AL.             MAGISTRATE JUDGE HORNSBY

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Kareem Abdul Johnson ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on October 25, 2022. He is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana. He names Judge Christopher Victory and the First Judicial District Court, Parish of Caddo as defendants.

Plaintiff claims that on October 3, 2022, he was charged with a probation offense. He claims that on October 9, 2022, he filed a motion to quash the probation revocation with the Clerk of Court of the First Judicial District Court. He claims he has not been brought before the court and has been unable to determine if the probation revocation proceedings were instituted in a timely manner. He claims Judge Christopher Victory has not followed the duties of the court and has violated the state constitution.

Accordingly, Plaintiff seeks this court to order Judge Christopher Victory and the First Judicial District Court, Parish of Caddo to grant him compassionate release, fees, costs, and compensatory and punitive damages.

## LAW AND ANALYSIS

**First Judicial District Court, Parish of Caddo and Judge Christopher Victory**

Plaintiff claims he has not been brought before the court and he has been unable to determine if the probation revocation proceedings were instituted in a timely manner. He claims Judge Christopher Victory has not followed the duties of the court and has violated the state constitution.

Plaintiff cannot maintain these claims against Judge Victory or the First Judicial District Court, Parish of Caddo. It is well established that judges enjoy absolute immunity from liability for damages arising out of performance of their judicial duties, regardless of bad faith. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213 (1967); Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978). Acts are judicial in nature if they are (1) normal judicial functions (2) that occurred in the judge's court or chambers and were (3) centered around a case pending before a judge. Brewster v. Blackwell, 692 F.2d 387, 396-97 (5th Cir. 1982). The conduct challenged by Plaintiff unequivocally falls within the judge's authority as judicial officer of the court and in the ordinary exercise of judicial duties.

Accordingly, Plaintiff's civil rights claims against the First Judicial District Court, Parish of Caddo and Judge Christopher Victory should be dismissed with prejudice as frivolous.

**Release from Incarceration**

Furthermore, to the extent Plaintiff seeks his release from custody, his claims should be dismissed. Release from custody and dismissal of charges are not available through a civil rights action. See Davis v. Wyche, 5:17-CV-1230; Calderon v. Ashmus, 523 U.S. 740, 747 (1998) (any claim attacking the validity or duration of confinement must be raised in a habeas corpus petition); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Accordingly, Plaintiff's civil rights claims seeking his release from incarceration should be dismissed without prejudice and for failure to state a claim on which relief can be granted.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims against the First Judicial District Court, Parish of Caddo and Judge Christopher Victory be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim for which relief may be granted pursuant to pursuant to 28 U.S.C. § 1915(e).    **IT IS FURTHER RECCOMENDED** that Plaintiff's claims seeking his release be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for which relief may be granted pursuant to Section 1983.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 1st

day of February, 2023.

Mark L. Hornsby
U.S. Magistrate Judge